UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRUSTEES OF EMPIRE STATE
CARPENTERS ANNUITY, APPRENTICESHIP,
LABOR-MANAGEMENT COOPERATION,    **ADOPTION ORDER**
PENSION and WELFARE FUNDS,    14-cv-2900 (ADS)(SIL)

        Plaintiffs,

    -against-

THOMAS J. GREGORY d/b/a GREGORY'S
CONTRACTING,

        Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**Virginia & Ambinder LLP**
*Attorneys for the Plaintiffs*
14th Floor - Suite 1403
New York, NY 10006
    By: Charles R. Virginia, Esq.
        Richard B. Epstein, Esq., Of Counsel

**NO APPEARANCE**:

*The Defendant*

**SPATT, J.**

On May 8, 2014, the Plaintiffs Trustees of the Empire State Carpenters Annuity, Apprenticeship, Pension and Welfare Funds (the "Plaintiffs") commenced this action under Section 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132(a)(3); Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185; and Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, to confirm and enforce an arbitrator's award rendered pursuant to a collective bargaining agreement between the

1

Northeast Regional Council of Carpenters and the Defendant Thomas J. Gregory d/b/a Gregory's Contracting.

On July 9, 2014, the Clerk of Court noted the default of the Defendant.

On October 17, 2014, the Plaintiffs moved for a default judgment.

On October 20, 2014, the Court referred this matter to United States Magistrate Judge Steven I. Locke for a recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded, including reasonable attorneys' fees and costs.

On March 18, 2015, Judge Locke issued a Report recommending that the Arbitration Award, in the total amount of $1,174,026.22, be confirmed in its entirety and the Plaintiffs be awarded reasonable attorneys' fees and costs of $1,365.

However, Judge Locke recommended that the Plaintiffs' application for injunctive relief – namely, for an order directing the Defendant to submit to an audit for the period January 1, 2009 to June 30, 2013 – be denied. Judge Locke reasoned that such equitable relief "would require nothing more of Defendant than compliance with its existing contractual obligations." (Doc No. 14, at 19.) In addition, Judge Locke found that, with regard to this requested item of relief, the Plaintiffs had not demonstrated that money damages are insufficient to make them whole.

More than fourteen days have elapsed since service of the Report and Recommendation on the Defendant, which has failed to file an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the March 18, 2015 Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result.

Accordingly, the March 18, 2015 Report and Recommendation is adopted in its entirety, and the Plaintiffs' motion for a default judgment is granted. The Plaintiffs' application for injunctive relief is denied. The Clerk of the Court is respectfully directed to enter judgment in favor of the Plaintiffs in the amount of $1,174,026.22, plus reasonable attorneys' fees and costs of $1,365, and to close the case.

**SO ORDERED.**
Dated: Central Islip, New York
April 10, 2015

    *Arthur D. Spatt*
   ARTHUR D. SPATT
United States District Judge